# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**REFORM PARTY OF THE UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                   Case No. 4:05cv426-RH/WCS

**SHAWN O'HARA,**
**SHENE' HOFFPAUIR,**
**JEROME HEINEMANN,**
**NELSON SKIP FOLEY,**
**AND JEANNE DOOGS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On February 6, 2006, Defendant Shawn O'Hara filed a document entitled, "Notice of Fraud and Perjury in Reference to Improper Service." Doc. 25. The document raises arguments as to sufficiency of service of process and, therefore, was construed as a motion to dismiss. *See* doc. 28.[1] Plaintiff, represented by counsel, was directed to file a reply, doc. 28, and Plaintiff's reply has been considered. Doc. 41.

---

[1] By construing the document in this fashion, it is necessary to docket it on the Court's electronic docket twice. *See* docs. 25, 27. The document is listed as titled by Plaintiff in document 25 and is docketed as a motion to dismiss in document 27.

**Defendant O'Hara's argument, doc. 27**

Defendant argues that attempted service upon him in Yuma, Arizona, it was not proper because the summons did not contain a seal from the Clerk of Court of this Court. Doc. 27, p. 2. The Defendant also indicates the process server attempted to serve him in Mississippi as well, where the server was beating on a glass window,[2] and the Defendant almost shot him, thinking he "was a burglar." *Id.* The Defendant contends that the process server threw a stack of papers at him, "that had no seal from the U.S. District Clerk's office, indicating the summons was issued by the clerk's office." *Id.*, at 3. Defendant O'Hara also asserts that the "proof of service" submitted by the process service constitutes perjury because he was not properly served. *Id.* Finally, Defendant O'Hara asks to be dismissed from this case stating that "he is no longer national chairman of the Reform Party of the United States of America." *Id.*, at 6.

Attached to Defendant's motion is a photocopy of the summons allegedly showing that service was improper. Doc. 25, ex. C. That document is from this Court, provides the name and address of Plaintiff's attorney, identifies the case number and parties, contains a stamp for the Clerk of Court, is dated November 10, 2005, and contains the signature of a deputy clerk of court. *Id.* Nothing is visible on that document showing a court seal.

**Plaintiff's response, doc. 41**

Plaintiff submits that this case was initiated on November 10, 2005, when a complaint was filed alleging violations of the Lanham Act and other federal laws. Doc.

---

[2] As a separate issue which is unrelated to the effectiveness of service of process, the Defendant complains that the process server broke the glass on the front door of his office. *Id.*, at 2-3.

41.  The named Defendants are, allegedly, "former officers and those claiming to be current officers of the RPUSA" (Reform Party of the United States of America).  *Id.*

On December 16, 2005, an unexecuted return of service was received for Defendant Shawn O'Hara.  *Id.*  Plaintiff explains that service was "first attempted while" the Defendant "was attending what purported to be a RPUSA convention on November 12-13, 2005."  *Id.*, at 2.  The process server went to the Defendant's hotel room, but Defendant O'Hara "refused to answer his door."  *Id.*

A second attempt serve the Defendant occurred at his "known address, 420 ½ South 22nd Avenue in Hattiesburg, Mississippi, 39404."  *Id.*, at 2.  Plaintiff asserts this is the address Defendant O'Hara lists "on his website as headquarters of the RPUSA."  *Id.*  This address "was in fact vacated" and the process server left a note on the door.  *Id.*

A third attempt to serve Defendant O'Hara was made on January 25, 2006.  *Id.*, at 2.  The process server, Davy Keith, gave a "photocopied summons and complaint" personally to the Defendant "at 2627 Lincoln Road, Hattiesburg, Mississippi 39404, apparently in front of Mr. O'Hara's new dwelling/office."  *Id.*

As additional evidence on the issue of service, Plaintiff has presented the affidavit of the process server, Davy Keith.  Doc. 41, exhibit A.  That affidavit indicates on December 2, 2005, Mr. Keith went to Defendant O'Hara's dwelling.  *Id.*  The dwelling had "a huge tree laying across the top from hurricane Katrina."  *Id.*  "The power meter is gone and neighbors verify that O'Hara has vacated the dwelling.  Left note on door but have not received return call."  *Id.*

Plaintiff acknowledges that the "summons contained a photocopy of the original summons and while not containing a raised seal, did contain the stamp of the Clerk of

Court, William M. McCool, as well as the signature of the Deputy Clerk." *Id.*, at 2. Plaintiff argues that Defendant's own "notice" which is construed as a motion to dismiss adequately demonstrates that Defendant O'Hara attempted to evade service. *Id.*, at 3, n.1. Plaintiff contends the following facts are sufficient to demonstrate that service of process has been adequately carried out: (1) Defendant admits receipt of a summons and complaint; (2) Defendant acknowledges the summons was personally given to him at his office by a process server; and (3) Defendant is aware that the summons is from the Clerk of this Court. *Id.*, at 3-4. Furthermore, Plaintiff argues that the goal of Rule 4 is to give a Defendant actual notice of a lawsuit filed against him and that a Defendant may be given "a photographic copy of the summons." *Id.*, at 5.

While acknowledging "a minor technical inconsistency with the Federal procedural rules" in that the summons did not contain a seal, Plaintiff urges the Court to consider the fact that the Defendant evaded service. *Id.*, at 6. Plaintiff contends Plaintiff first evaded service at the hotel in Arizona and then Plaintiff suggests that when Plaintiff vacated his last known address in Mississippi, this led "to the failure of service the second time service was attempted." *Id.* Plaintiff also asserts that Defendant O'Hara "evaded the process server for two days, prior to being served with the summons and complaint, which" Defendant refers to as a "stack of papers." *Id.*

Plaintiff states that "even if service was technically improper," as determined by this Court, Plaintiff requests an "opportunity for the summons to be amended consistent with Fed. R. Civ. Proc. 4(a)." *Id.*

**Analysis**

Rule 4(a) of the Federal Rules of Civil Procedure provides:

Case No. 4:05cv426-RH/WCS

> The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff.  It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint.  The court may allow a summons to be amended.

F‌ED. R. C‌IV. P. 4(a).  Under Rule 4(b), the clerk is to "sign, seal, and issue" summons to the plaintiff.

> Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.  If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant.  A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

F‌ED. R. C‌IV. P. 4(b).

It is accepted and uncontested between the parties that the Defendant was served a photographic copy of the summons.  It is also uncontested that the summons was issued by this Court.  The debate centers solely on whether it is possible to validly serve a party with a summons that does not contain the court seal.

Plaintiff argues that it is permissible to serve a defendant with a photocopy of the summons.  In support, Plaintiff cites to Kramer v. Scientific Control Corp., 365 F.Supp. 780 (E.D. Pa. 1973).  Doc. 41, p. 5.  There, the defendant complained that he received summons which did not contain the court seal and was not directed to him personally. 365 F.Supp. at 787.  The court noted that the defendant did not attach either the summons or copy of the summons served on him with his motion to dismiss, but the court reviewed the court's official file which contained an original summons.  *Id.*, at 788. That document was directed to the named defendant, contained the name of the court

and the names of the parties, was signed by a deputy clerk of the court, dated, and contained a court seal.  *Id.*

Thus, that case is on a slightly different footing than this one because here, the defendant did present at least a photocopy of the purported defective summons.  Where the cases are similar, however, is that neither this Defendant nor the one in Kramer demonstrated "any material prejudice to his substantial rights resulting from the alleged absence of the Seal."  365 F.Supp. at 788.

In another case cited by Plaintiff, the court concluded that there was sufficient service where a "facsimile copy of the summons had been served" instead of an original summons with an impressed seal of the court.  O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1400, n.5 (7th Cir. 1993).  Although mentioned in dicta, the court considered the fact that the summons provided to the defendant had an image of the clerk of court's signature, but simply "lacked the impressed seal of the court or a 'copy' stamp."  *Id.*  Nevertheless, the court noted that even with that minor defect, the summons contained a signature of the clerk such that the defendant was on notice that it had been issued by the court.  *See* O'Brien, 998 F.2d at 1400, n.5.

The lack of a seal here is a minor defect and should not invalidate service since the Clerk's signature is stamped on the summons.  Plaintiff has neither argued nor demonstrated any prejudice to this acknowledged mistake.  Moreover, it is possible that the error in the omission of the seal is due to a mistake by the clerk's office and not by the Plaintiff.  Where the Plaintiff cannot be absolutely faulted for a slight omission, there is no need to take the extraordinary step of dismissing this case.

Further, even *if* it was believed that the omission of the seal, in spite of all the other regularities, was of such a manifest problem as to invalidate service of process, there is still time to redirect service and the issuance of another summons containing a seal.  The 120-days have not yet expired as provided by Rule 4(m).  Indeed, the time period may be extended for good cause shown.  Here, redirecting service of process to cure a minor procedural flaw is unnecessary and would be a wasteful exercise.  It is evident that Defendant O'Hara was evasive for service purposes,[3] and he admits as much in his motion to dismiss, doc. 25.  The Defendant is aware of this on-going litigation, he is aware of all parties in this case, he has knowledge that summons was provided by the Clerk's Office because it bears the signature of a deputy clerk and a stamp for the clerk, and he knows when it was issued because it is dated.  This is not a case where persons are seeking to mislead a defendant into believing a non-existent court proceeding has been launched against him.  Defendant O'Hara has not shown prejudice nor material non-conformance with Rule 4.

---

[3] The evasiveness is based on Defendant O'Hara's own acknowledgment that process servers tried to serve him in Yuma, Arizona and then again in Mississippi.  Doc. 25.  Defendant states he "tricked said process server" into identifying himself as a process server.  However, those comments reveal Defendant's awareness that a process server was attempting to serve legal documents on him and he was making efforts to avoid receipt of those documents.  The court does not, however, find any evasiveness in the inability to serve Defendant on the second attempt.  The fact that a major hurricane left "huge trees" on the property and the ability to see property is vacated in that state does *not* suggest evasiveness.

Case No. 4:05cv426-RH/WCS

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant O'Hara's the motion to dismiss, docs. 25 and 27, be denied, that within 20 days from the date of entry upon the docket of the order adopting this report and recommendation the Defendant directed to submit an answer to the amended complaint, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2006.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**