**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

REFORM PARTY OF THE UNITED
STATES OF AMERICA,

      Plaintiff,

v.                                                   CASE NO.  4:05cv426-RH/WCS

SHAWN O'HARA, et al.,

      Defendants.

_____/

**ORDER DENYING MOTION TO DISMISS**

      This matter is before the court on the magistrate judge's report and recommendation (document 44), to which no objections have been filed.

      The issue is whether service of process is sufficient when a defendant is served with a photocopy of a summons issued by the clerk of the court with a flat "stamp" (as was included on the summons in the case at bar) rather than a raised or imprinted "seal."  The report and recommendation proceeds on the assumption that a "seal" for purposes of Federal Rule of Civil Procedure 4 must be raised or imprinted, not flat.  The report and recommendation concludes that service here was sufficient notwithstanding this technical defect.  Because that conclusion is

*Page 2 of 2*

plainly correct, I need not address the issue whether a "seal" must be raised or imprinted, rather than flat.  *Compare* 1 U.S.C.A. §114 (stating that seal is valid if made by impression without wax or other adhesive substance but not explicitly addressing written or printed seal) *with* §695.07, Fla. Stat. ("A scrawl or scroll, printed or written, affixed as a seal to any written instrument shall be as effectual as a seal."); *Pitts v. Pitchford*, 201 So. 2d 563 (Fla. 4th D.C.A. 1967) (upholding printed or written seal); *Comerford v. Cobb*, 2 Fla. 418 (Fla.1849) (concluding that a scroll with the word 'seal' written in it was a valid seal); *and* Restatement (Second) of Contracts §96(3) (1981) ("By statute or decision in most States in which the seal retains significance a seal may take the form of a written or printed seal, word, scrawl or other sign.").

Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the opinion of the court.  Defendant Shawn O'Hara's motion to dismiss (documents 25 and 27) is DENIED.  Mr. O'Hara shall file an answer by May 16, 2006.  This matter is remanded to the magistrate judge for further proceedings.

SO ORDERED this 26th day of April, 2006.

s/Robert L. Hinkle<br>Chief United States District Judge

*Case No: 4:05cv426-RH/WCS*