IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REFORM PARTY OF THE UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                            Case No. 4:05cv426-RH/WCS

**SHAWN O'HARA,
SHENE' HOFFPAUIR,
JEROME HEINEMANN,
NELSON SKIP FOLEY,
AND JENNE DOOGS, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Defendant Rodney Martin has filed successive motions to dismiss.  Docs. 55, 62 (second motion), 63 (memorandum).  The two motions are essentially the same, except the second motion has a separate memorandum.  Plaintiff has responded.  Doc. 69.

Martin has filed a reply without leave of court in violation of N. D. Loc. R. 7.1(C)(2).  Doc. 71.  The reply has been considered, given Defendant's pro se status, but in the future I will not consider any reply filed by any party without leave of court.

**Subject matter jurisdiction**

The complaint brings a claim under the Lanham Act for protection of a trademark, and alleges jurisdiction pursuant to 15 U.S.C. § 1127.  Doc. 21, ¶¶ 3, 29.  It is alleged in the amended complaint that Martin purports to be the Chairman of the RPUSA National Committee.  Doc. 21, ¶ 10.  It is alleged that the RPUSA conducted proceedings to change all of the officers, but that thereafter, Martin claimed to be elected chairman.  Id., ¶¶ 13-23.  It is also alleged that "persons purporting to act on behalf of the RPUSA continue to solicit contributions via a new website www.reformpartyusa.org" and a toll free number, both of which purport to be maintained by the party  Id., ¶ 22.  It is further alleged that Defendants, including Martin, use the name of the RPUSA and logo in a way that is likely to cause confusion among consumers of as to the source of the RPUSA's activities.  Id., ¶ 30.  It is alleged that Plaintiff has trademarks in its logo, telephone number, and website.  Id., ¶ 29.  Finally, it is alleged that Defendants solicit funds and conduct national party activities in the Northern District of Florida by means of their websites.  Id., ¶ 3.

On a motion to dismiss, a court must "accept the factual allegations in the complaint as true and make all reasonable inferences in favor of the non-moving party." Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc., 376 F.3d 1065, 1070 (11th Cir. 2004).  Therefore, the allegations of the complaint cannot be factually challenged by Martin on a motion to dismiss.

"The Lanham Act applies to all 'commerce within the control of Congress.' " Levi Strauss & Co. v. Sunrise Intern. Trading Inc., 51 F.3d 982, 984 (11th Cir. 1995), citing

15 U.S.C. § 1127.  The court has subject matter jurisdiction pursuant to 15 U.S.C. § 1127.  *Id.*  Likewise, there is federal question jurisdiction.

The complaint does not allege jurisdiction based upon diversity.  Martin's challenged to diversity jurisdiction is frivolous.

**Failure to state a claim upon which relief may be granted and injunctive relief**

The arguments made by Martin here are conclusions without logical support.  The complaint plainly alleges a Lanham Act violation as it alleges entitlement to trademarks and infringement by Defendants.  Were Plaintiff to prevail on this claim, it would be entitled to injunctive relief.  These arguments are without merit.

**Venue**

Venue is properly in this district because it is alleged that "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district, that is, solicitation of funds in this district.  Doc. 21, ¶ 3; 28 U.S.C. § 1391(b)(2).

***In personam* jurisdiction and due process**

Martin asserts that the court lacks personal jurisdiction over him.  He points out that he is a citizen of Arizona, and he argues that he lacks other contacts with Florida necessary for *in personam* jurisdiction.  Doc. 55.  Two weeks before he filed this motion to dismiss, Martin filed a motion to intervene as a party Plaintiff.  Doc. 50.  By filing this motion and asking for relief from the court, Martin submitted himself to this court's personal jurisdiction.  County Sec. Agency v. Ohio Dept. of Commerce, 296 F.3d 477, 483 (6th Cir. 2002).  "[A] motion to intervene is fundamentally incompatible with an objection to personal jurisdiction."  *Id.*  *See also* Pharmaceutical Research and

Manufacturers of America v. Thompson, 259 F.Supp.2d 39, 59 (D. D.C. 2003) (citing Ohio Dept. of Commerce).

> [A] party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir.1990) (explaining that "[a] party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent.").

In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299-1300 (11th Cir. 2003). This argument is without merit.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Rodney Martin's motions to dismiss, docs. 55 and 62, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 23, 2006.

        s/ William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**