# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

REFORM PARTY OF THE
UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            CASE NO.  4:05cv426-RH/WCS

SHAWN O'HARA,
et al.,

      Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS — MARTIN

     This matter is before the court on the magistrate judge's report and recommendation (document 85) and the objections thereto (document 90).  I have reviewed de novo the issues raised by the objections.  I conclude that the report and recommendation is correct and should be adopted as the opinion of the court, with this additional note.

     Defendant Rodney Martin asserts he is not subject to personal jurisdiction in this action even though he filed a motion to intervene.  He says he filed the motion to intervene in his official capacity and that this does not subject him to jurisdiction

in his individual capacity. He says a contrary ruling potentially would subject public officials to far flung individual actions.

It is likely that Mr. Martin would be subject to personal jurisdiction in this court even had he not moved to intervene. I need not address that issue, however, because the motion to intervene plainly subjected Mr. Martin to jurisdiction here. Both Mr. Martin's motion to intervene and the plaintiff's claims arise from the same capacity, however it might be described; that is, both the motion to intervene and the plaintiff's claims arise from Mr. Martin's relationship (or lack thereof) with the political party at issue. Mr. Martin's effort to invoke this court's jurisdiction cannot be limited to his own contentions without encompassing as well the claims asserted against him.[1]

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. Defendant Rodney Martin's motions to dismiss (documents 55 and 62) are DENIED. This matter is remanded to the magistrate judge for further proceedings.

SO ORDERED this 5th day of June, 2006.

---

[1] This conclusion makes it unnecessary to address the issue of whether a representative of a political party can sue or be sued in an "official capacity" separate and apart from the person's "individual capacity." Those are terms that ordinarily apply to public officials, not persons holding positions with private entities.

*Case No: 4:05cv426-RH/WCS*


s/Robert L. Hinkle
Chief United States District Judge