IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REFORM PARTY OF THE UNITED
STATES OF AMERICA,**

    **Plaintiff,**

vs.                                 Case No. 4:05cv426-RH/WCS

**SHAWN O'HARA,
SHENE' HOFFPAUIR,
JEROME HEINEMANN,
NELSON SKIP FOLEY,
JENNE DOOGS,
RODNEY MARTIN,
ROY DOWNING,
DENISE RICHARDSON, and
VALLI SHARPE-GEISLER,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for default against Defendant Hoffpauir. Doc. 117. Plaintiff asserts that Defendant Hoffpauir was properly served in this case on February 7, 2006, but has failed to respond or defend the claims brought against her in this case. *Id.*

The docket indicates that on February 17, 2006, a notice was sent to this Court by a person not a party to this case indicating that a summons addressed to Shene

Hoffpauir was left on her front porch, but stating that Shene Hoffpauir did "not live at" that address. Doc. 32. Attached to the document was a summons issued by this Court and addressed to Shene Hoffpauir at Rt. 1, Box 5, in Tipton, Oklahoma. *Id.*

Shortly after that document was submitted, a document purporting to be an executed summons was submitted by a process server. Doc. 34. That document indicated that copes were left "at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." *Id.* A name was not provided to indicate *who* was given the summons and complaint, and the first page of that document provides an address for Shene Hoffpauir at 407 N.W. 2nd, Tipton, Oklahoma.[1] *Id.* The date of the purported service was February 7, 2006. *Id.*

Plaintiff contends that default is proper because summons and a complaint were left "with a person of suitable age at Defendant Horffpauir's last known mailing address, an address confirmed by the local post office." Doc. 117, p. 1. However, the record in this case does not clearly reveal that this is the case. Instead, the record reflects that the legal process was left at an address, but not given to a person of suitable age. There is no indication as to who was given the documents, only that they were left on the porch.

Plaintiff argues that pursuant to Tenth Circuit case law, service of process is "valid where someone other than the addressee signed the return receipt but the defendant received actual notice of the attempted service." Doc. 117, p. 2, *citing*

---

[1] That address was apparently provided by the Postmaster because the address listed on the summons was for a box. It appears that a street address may be requested by a process server when the address listed on legal process is for a box holder. Doc. 34, p. 1.

<u>Kitchens v. Bryan Co. Natl. Bank</u>, 825 F.2n 248, 256 (10th Cir. 1987). This argument lacks merit in this case because there is no evidence of any person signing for receipt of the documents or that the Defendant has ever received actual notice of this lawsuit.

Plaintiff additionally argues that Oklahoma law also permits service via certified mail. Doc. 117, p. 2. While that statement may be accepted as true, service by certified mail did not take place. No return receipt demonstrating acceptance of the mail or legal documents has been filed.

What is left, then, is Plaintiff's argument that Oklahoma permits "substantial compliance" service of process and that because summons and a complaint were left at the last known address for Defendant Hoffpauir, and that this is the location where the United States Postal Service would have delivered certified mail to this Defendant, the Court should find that this Defendant was served and enter default against her. Doc. 117, p. 2. The problem with that argument remains that there is no signature indicating receipt by either the Defendant or a suitable person. Because the record fails to demonstrate that substantial compliance with the service requirements has taken place, Plaintiff's motion for default should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for default judgment, doc. 117, filed on June 12, 2006, be **DENIED,** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2006.

        s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**