**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**REFORM PARTY OF THE UNITED
STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                **Case No. 4:05cv426-RH/WCS**

**SHAWN O'HARA,
SHENE' HOFFPAUIR,
JEROME HEINEMANN,
NELSON SKIP FOLEY,
JENNE DOOGS,
RODNEY MARTIN,
ROY DOWNING,
DENISE RICHARDSON, and
VALLI SHARPE-GEISLER,**

       **Defendants.**

_____/

**<u>SIXTH REPORT AND RECOMMENDATION</u>**[1]

      Defendant Heinemann filed a motion to dismiss, doc. 36.  Plaintiff has filed a

response, doc. 47, in opposition to the motion.  This report and recommendation

concerns only this motion to dismiss, doc. 36, although it is noted that several other

dispositive motions are currently pending.

_____

      [1] The five previous report and recommendations were filed as documents 44, 84, 85, 86, and 139.

**Standard of Review**

Dismissal of a complaint, or a portion thereof, pursuant to Fed.R.Civ.P. 12(b)(6)

for failure to state a claim upon which relief can be granted should not be ordered

unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his

claims which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct.

99, 102, 2 L.Ed.2d 80 (1957).  A court must accept as true the allegations of the

complaint when ruling upon such a motion.  Oladeinde v. City of Birmingham, 963 F.2d

1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993).

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must
> include only "a short and plain statement of the claim showing that the
> pleader is entitled to relief."  Such a statement must simply "give the
> defendant fair notice of what the plaintiff's claim is and the grounds upon
> which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d
> 80 (1957).

Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule

8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

> If a pleading fails to specify the allegations in a manner that provides
> sufficient notice, a defendant can move for a more definite statement
> under Rule 12(e) before responding.  Moreover, claims lacking merit may
> be dealt with through summary judgment under Rule 56.

122 S.Ct. at 998-999.

**Motion to Dismiss, doc. 36**

Defendant Heinemann has argued that the amended complaint, doc. 21, is

essentially seeking "to eliminate its rival factions instead of allowing the free association

of individuals . . . in an unincorporated political association, to sort out its own internal

affairs, including leadership and governing rules . . . ."  *Id.*, at 3.  Defendant contends

that relief is unavailable "to determine an individual's right to office in an unincorporated

association or club . . . ."  *Id.*  Defendant Heinemann claims that Plaintiffs are simply

opposing rival factions of a political party, *id.*, at 4, and that this Court lacks jurisdiction

over such a dispute, *id.*, at 6, and over the subject matter and persons.  *Id.*

Plaintiff's lawsuit alleges various violations of federal law.  Doc. 21.  Specifically,

the complaint has alleged claims pursuant to the Lanham Act for trademark

infringement in violation of 15 U.S.C. § 1127, false representation or designation,

dilution of a logo or mark of a trade name, and to prevent cyberpiracy under 15 U.S.C. §

1129.  *Id.*  Jurisdiction to consider claims arising under federal law is provided for by 28

U.S.C. § 1331.  Jurisdiction is appropriately alleged in the complaint, this Court has

subject matter jurisdiction over this action, and Defendant Heinemann has subjected

himself to the jurisdiction of this Court.  *See* doc. 3 (Defendant Heinemann's answer to

the complaint).

As for the implied argument by Defendant Heinemann that the complaint fails to

state a claim upon which relief may be granted, the argument lacks merit.  Plaintiff does

not simply present a dispute between rival political factions.  As previously determined

in this case, the amended complaint alleges a Lanham Act violation and Plaintiff claims

"entitlement to trademarks and infringement by Defendants."  *See* docs. 85, 110 (order

adopting report and recommendation which rejected Defendant Martin's motion to

dismiss).  The amended complaint states a claim over which this Court has jurisdiction.

As a second basis for dismissal, Defendant Heinemann claims that Plaintiff fails

to demonstrate a justiciable case or controversy as required by Article III.  Doc. 36, p. 4.

That argument also fails.  Plaintiff has adequately alleged standing to bring this action to

protect the trademark.  Plaintiff contends that other persons formally associated with

RPUSA are using its telephone number, website, and logo and are soliciting funds. Those actions implicitly deny funds to Plaintiff and, accepting the allegations of the amended complaint as true, interfere with use of logo, website, and the like.  Plaintiff has alleged injury and, should Plaintiff prevail on these claims, relief could be fashioned to provide remedy.  There is undeniably a controversy between these parties, it is a justiciable controversy, and the motion to dismiss should be denied.

The third basis for dismissal is Defendant Heinemann's contention that a judgment in a prior lawsuit enjoined the expenditure of funds except to pay federal taxes and suggesting that Plaintiff does not have standing to bring this lawsuit.  Doc. 36, p. 6. Defendant Heinemann questions how Plaintiff's attorneys are being paid.  *Id.* Regardless of the source providing funds to prosecute this action, Defendant Heinemann has not presented a valid reason to dismiss this action pursuant to Fed. R. Civ. P. 12.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Heinemann's motion to dismiss, doc. 36, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2006.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.